■ DONALD L. HILTS, SR., as Administrator of the Estate of DONALD L. HILTS, JR., Deceased, Appellant, v. HERBERT L. WINKLER, Respondent.— *Per Curiam.* Appeal from a judgment of the Supreme Court, Madison County, entered on a jury verdict of no cause of action and from an order of that court denying a motion pursuant to CPLR 4404 (subd. [a]) to set

aside the verdict and for a new trial on the ground that the verdict was contrary to the weight of the evidence and in the interest of justice. At 9:15 A.M. on July 11, 1966 Donald Hilts, Jr., aged approximately 5½ was fatally injured when the right rear wheels of respondent's 3½ ton stake truck passed over his body as he was playing in front of his home. The uncontradicted testimony of the only eyewitness was that Donald was squatting on the lawn near the westerly driveway playing with a toy when respondent, who was returning empty milk cans he had picked up earlier that day, stopped his truck past the westerly driveway, went into reverse and backed into the driveway striking Donald. A trooper who investigated testified that the accident occurred on the edge of the grass and the driveway. He described the truck as between 10 and 11 feet wide and 30 feet in length and equipped with two 12-inch high and 5-inch wide mirrors which protruded eight to nine inches from each side of the truck. Respondent testified that he had been picking up milk and returning empty cans on the farm of the deceased's father at approximately the same times for three months prior to the accident; that he usually, if not invariably, backed into the westerly drive-way up to the milk house; that before backing he looked in both directions and, while backing, in the two side mirrors but did not see the decedent; that he was unaware the decedent was in the vicinity; that he was on the driveway and not the grass and that he was backing at "About five miles an hour" at the time of the accident. Clearly there was no evidence whatever that would support a conclusion that the decedent was guilty of contributory negligence. The issue as to whether the weight of the evidence would support a conclusion by the jury that there was no negligence on the part of the respondent is much more difficult. It is well settled "that a jury verdict in favor of defendant may not be set aside unless it plainly appears that the evidence so preponderates in favor of the plaintiff that the verdict for the defendant could not have been reached on any fair interpretation of the evidence." (*Marton* v. *McCasland*, 16 A D 2d 781, 782 and cases cited therein.) It is readily assumable that respondent knew that the Hilts had small children (he had been picking up milk at the Hilts' farm for three months and lived about five miles away from the Hilts' farm, indeed, play-ground equipment for children of tender age was nearby and shows clearly in the photographs) and, therefore, he should have exercised caution as he proceeded into the premises, particularly upon backing into this driveway when it is obvious his vision would at least have been somewhat impaired. Moreover, the decedent was there in plain view at the edge of or near the driveway and from the record had been there all the time when respondent drove past the driveway, and allegedly looked in both directions prior to backing up. Under these circumstances it is difficult to understand how, if the proper care was exercised, the respondent failed to see the decedent. Of course, his repeated contention that he did not see the child is not dispositive here where it is plain that there is no evidence in the record to explain the reason for his not having done so. Accordingly, the judgment must be reversed and a new trial ordered. Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam.*